**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 13-20520-CR-GRAHAM/GOODMAN**

UNITED STATES OF AMERICA

v.

HECTOR ALEJANDRO HERNANDEZ,

   Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON CHANGE OF PLEA**

     **THIS CAUSE** is before the Undersigned on the District Court's Order of Reference [ECF No. 25] to conduct a change of plea hearing for the acceptance of the defendant's guilty plea, and the Undersigned, having conducted the hearing, recommends to the District Court as follows:

     1.    On September 12, 2013, the Undersigned convened a hearing to permit the defendant to enter a change of plea. Before proceeding, the Undersigned arraigned the defendant on the Superseding Information, as the defendant had not previously been arraigned on it. The Undersigned also confirmed that the defendant had knowingly and willingly signed a waiver of his right to be charged by way of an indictment.

     2.    The Undersigned reviewed the defendant's signed consent to have the Undersigned conduct the change of plea hearing on an Order of Reference from the District Court.

3.      The defendant, the defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record to the Undersigned conducting the change of plea hearing.

4.      The Undersigned conducted a plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

5.      There is no written plea agreement. Rather, the defendant pled guilty to all four counts of the Superseding Information in open court.  The Undersigned made certain that the defendant was aware of any minimum mandatory sentences and maximum sentences.

6.      The defendant pled guilty to **Counts I, II, III, and IV** as set forth in the Superseding Information, which counts charge the defendant with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count I), and aggravated identity theft in violation of 18 U.S.C. § 1028A (Counts II, III, and IV). [ECF No. 24].

The defendant further agreed that under the Superseding Information he would forfeit all his interest in property which constitutes or is derived from proceeds that are traceable to Count I, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853, up to $1.5 million.

7.      Through a written factual proffer signed by the defendant, the government stated a factual basis for the entry of the plea, which included all of the essential elements of the crime to which the defendant is pleading guilty, and any

2

sentencing enhancements and/or aggravating factors that may be applicable. The defendant acknowledged the accuracy of the factual proffer he signed and acknowledged his guilt and knowing participation in the alleged crimes.

8.      Based upon all of the foregoing and the plea colloquy conducted by the Undersigned, the Undersigned respectfully recommends to the District Court that the defendant be found to have freely and voluntarily entered a guilty plea to all counts of the Superseding Information, that the defendant be adjudicated guilty, and that the defendant forfeit all interest in his property as set out in the Superseding Information.

9.      A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office, and sentencing has been set for November 21, 2013 at 2:30 p.m., at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Courtroom 13-4, Miami, Florida.

**ACCORDINGLY,** the Undersigned respectfully recommends to the District Court that the defendant's plea of guilty be accepted, the defendant be adjudicated guilty of the offenses to which a plea of guilty has been entered, and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have 14 days from the date of this Report and Recommendations within which to file objections, if any, with the Honorable Donald L. Graham, United States District Judge assigned to this case. Failure to file timely objections waives a party's right to review issues related to the defendant's plea under

Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2), *cited in United States v. Lewis,* 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

      **RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, September 13, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Donald L. Graham
All Counsel of Record
United States Probation